**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

JEROME WILLIAMS &
KARI WILLIAMS,
individuals,

          Case No.:

  Plaintiffs,

v.

AVIS CAR SALES, LLC,
a foreign limited liability company,
CAPITAL ONE, N.A.
d/b/a CAPITAL ONE AUTO FINANCE,
a national association,
EQUIFAX INFORMATION
SERVICES LLC,
a foreign limited liability company,
EXPERIAN INFORMATION
SOLUTIONS, INC.,
a foreign for-profit corporation, and
TRANS UNION LLC,
a foreign limited liability company,

  Defendants.

_____/

## **COMPLAINT**

  **COME NOW**, Plaintiffs, JEROME WILLIAMS (hereinafter, "Mr.

Williams") and KARI WILLIAMS (hereinafter, "Mrs. Williams")(hereinafter

collectively, "Plaintiffs"), by and through the undersigned counsel, and hereby sue

Defendants, AVIS CAR SALES, LLC (hereinafter, "Avis"), CAPITAL ONE, N.A.

d/b/a CAPITAL ONE AUTO FINANCE (hereinafter, "Capital One"), EQUIFAX

INFORMATION SERVICES LLC (hereinafter, "Equifax"), EXPERIAN

INFORMATION SOLUTIONS, INC. (hereinafter, "Experian"), and TRANS UNION LLC (hereinafter, "Trans Union") (hereinafter collectively, "Defendants"). In support thereof, Plaintiff states:

## PRELIMINARY STATEMENT

1.      This is an action brought by individual consumers for damages for Capital One's violation of the Fair Credit Reporting Act ("FCRA") wherein Capital One unlawfully reported an alleged car loan account as past due in Plaintiffs' consumer credit files as maintained by Experian, Equifax, and Transunion.

2.      More specifically, despite Plaintiffs advising Capital One that they were not past due on the alleged account, and after Plaintiffs disputed Capital One's reporting of such erroneous information directly to Experian, Equifax and TransUnion- Capital One *continued* to report the account as past-due.

3.      Furthermore, this is an action for damages for Experian's, Equifax's, and TransUnion's violations of the Reporting Act, 15 United States Code, Section 1681 *et seq*. (hereinafter, the "FCRA") FCRA wherein Experian, Equifax, and TransUnion each continued to incorrectly report Plaintiffs as the individuals responsible for the alleged Capital One account after Plaintiffs repeatedly advised that such account was not past due, and after Plaintiffs provided information to Experian, Equifax, and TransUnion proving the same.

4.      Finally, this is an action against Avis for breach of contract.

## JURISDICTION, VENUE & PARTIES

5.     Jurisdiction of this Court arises under 28 United States Code, Section 1331 as well as pursuant to the FCRA, 15 United States Code Section 1681, *et seq*., and supplemental jurisdiction exists permitting Plaintiffs' breach of contract claims pursuant to 28 United States Code, Section 1367.

6.     Defendants are subject to the jurisdiction of this Court as Defendants each regularly transact business in this District.

7.     Venue is proper in this District as the acts and transactions described herein occur in this District.

8.     At all material times herein, Plaintiff is a natural person residing in Gulf County, Florida.

9.     At all material times herein, Capital One does business in Florida.

10.     At all material times herein, Avis does business in Florida.

11.     At all material times herein, Avis is a foreign limited liability company existing under the laws of the state of Delaware, with its principal place of business located at 6 Sylvan Way, Parsippany, NJ 07054.

12.     At all material times herein, Capital One is a national bank with its principal place of business located at 1680 Capital One Dr, McLean, VA 22102.

13.     At all material times herein, Equifax is a foreign limited liability company existing under the laws of the state of Georgia, with its principal place of business located at 1550 W Peachtree Street, Atlanta, Georgia 30309.

14.     At all material times herein, Experian is a for-profit corporation existing under the laws of the state of Ohio with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

15.     At all material times herein, Trans Union is a foreign limited liability company existing under the laws of the state of Delaware with its principal place of business located at 555 West Adams Street, Chicago, Illinois 60661.

## FCRA STATUTORY STRUCTURE

16.     Congress enacted the FCRA requiring consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.  *See* 15 United States Code, Section 1681b.

17.     Under the FCRA, whenever a consumer reporting agency prepares a consumer report, it shall follow reasonable procedures to assure *maximum possible accuracy* of the information concerning the individual about whom the report relates. *Id.* at § e(b) (emphasis added).

18.     Under the FCRA, if a consumer disputes the completeness or accuracy of any item of information contained in a consumer's file, and the consumer notifies the agency directly of such dispute, the agency shall reinvestigate—free of charge—and report the current status of the disputed information, or delete the

item from before the end of the 30-day period beginning on the date on which the agency receives notice of the consumer's dispute.  *Id.* at § i(a).

19.    Under the FCRA, when a consumer reporting agency conducts any reinvestigation with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer.  *Id.* at § i(a)(4).

20.    Under the FCRA, if, after any reinvestigation of any information disputed by a consumer, an item of information is found to be inaccurate, incomplete, or cannot be verified, the consumer reporting agency shall promptly delete that item of information from the consumer's file or modify that item of information, as appropriate, based on the results of the reinvestigation.  *Id.* at § i(a)(5).

21.    Under the FCRA, after a furnisher of information receives notification pursuant to Section 1681i(a)(2) of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the furnisher shall: (A) conduct an investigation with respect to the disputed information; (B) review all relevant information provided by the consumer reporting agency pursuant to Section 1681i(a)(2) of this title; (C) report the results of the investigation to the consumer reporting agency; and (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all

other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis.  *Id.* at § s-2(b).

22.     Under the FCRA, any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer: in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure; for statutory damages of not less than $100 and not more than $1,000; for such amount of punitive damages as the court may allow; and for the costs of the action together with reasonable attorneys' fees.  *Id.* at § n.

23.     Under the FCRA, any person who is negligent in failing to comply with any requirement imposed with respect to any consumer is liable to that consumer in an amount equal to the sum of any actual damages sustained by the consumer as a result of the failure and the costs of the action together with reasonable attorneys' fees.  *Id.* at § o.

## GENERAL ALLEGATIONS

24.     At all material times herein, Plaintiffs are each an alleged "consumer" or "debtor" as defined by the FCRA, Section 1681a(c).

25.     At all material times herein, Capital One, itself and through its subsidiaries, regularly extends contracts for automobile loans—to consumers

residing in Gulf County, Florida.

26.     At all material times herein, Capital One is a "person" who furnishes information to credit reporting agencies as provided in the FCRA and as defined by 15 United States Code, Section 1681s-2.

27.     At all material times herein, Capital One attempts to collect and report information concerning an alleged automobile loan referenced by account number 620XXXXXX9851 (hereinafter, the "Alleged Debt" or the "Account").

28.     At all material times herein, Capital One furnishes, reports, and publishes specific details of consumers alleged outstanding or delinquent debt accounts to compel or coerce the consumer to either satisfy an alleged balance owed, or suffer the consequences of delinquent accounts, such as higher interest rates on consumer loans or complete denial of credit.

29.     At all material times herein, Experian, Equifax, and TransUnion are each a "consumer reporting agency" as defined in 15 United States Code, Section 1681a(f) of the FCRA and each regularly engages in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports.  Experian, Equifax, and Trans Union each disburse such consumer reports to third parties under contract for monetary compensation.

30.     At all material times herein, Defendants act themselves or through their agents, employees, officers, members, directors, successors, assigns, principals,

trustees, sureties, subrogees, representatives, third-party vendors, and insurers.

31.     All necessary conditions precedent to the filing of this action occurred, or Defendants waived or excused the same.

## FACTUAL ALLEGATIONS

## CREATION OF THE ALLEGED DEBT

32.     Prior to November 2019, Plaintiffs entered into an automobile loan contract with Capital One.

33.     In November 2019, Plaintiffs purchased a new automobile from Avis in a Retail Installment Contract.

34.     As part of the transaction with Avis, Plaintiffs traded in their previous automobile—secured by the loan/Account owed to Capital One —to Avis.

35.     Most importantly, as part of the purchase transaction and corresponding Retail Installment Contract, Avis agreed to pay off the remaining loan balance owed to Capital One within ten (10) business days, by November 25, 2019.

36.     Notwithstanding, Avis failed to pay the remaining loan balance to Capital One in a timely manner as required by the Retail Installment Contract, and as a result, the loan was allegedly paid to Capital One more than thirty (30) days late.

37.     As a result of Avis's mistake, Capital One considered the loan more than thirty (30) days past due and reported the Account as thirty (30) days past due to Experian, Equifax, and TransUnion.

**PLAINTIFFS' DISPUTES TO CAPITAL ONE REGARDING THE
ACCOUNT AND CAPITAL ONE, EXPERIAN, EQUIFAX,
AND TRANSUNION'S DISPUTE RESPONSES**

38.     Following Avis's failure to pay the remaining loan balance to Capital One, Plaintiffs attempted to contact Avis to no avail.

39.     Further, during or about 2020, and upon information and belief, Plaintiffs disputed the Account to Experian, Equifax, and Trans Union.

40.     In response, Experian, Equifax, and Trans Union each verified their respective reporting of the Account.

41.     During or about December 2022, and upon information and belief, Plaintiffs again dispute the reporting of the Account to Experian, Equifax, and Trans Union.

42.     More specifically, on or about December 13, 2022, Plaintiff Jerome Williams sent a written dispute to Experian and requested that Experian remove the late payment remark on the Account's monthly payment history.

43.     Additionally, Plaintiff Jerome Williams attached a copy of his Florida driver's license and a current bill for identification purposes, a copy of the Florida statute concerning the dealership's payment of the remaining loan balance, and a copy of the Retail Installment Contract.

44.     Similarly, on or about December 14, 2022, Plaintiff Kari Williams sent

a written dispute to Experian and requested that Experian remove the late payment remark on the Account's monthly payment history.

45.     Additionally, Plaintiff Kari Williams attached a copy of her Florida driver's license and a current bill for identification purposes, a copy of the Florida statute concerning the dealership's payment of the remaining loan balance, and a copy of the Retail Installment Contract.

46.     On or about December 27, 2022, Equifax sent a letter to Plaintiff Jerome Williams in response to his December Dispute purportedly verifying its reporting of the Account.

47.     On or about December 27, 2022, Experian sent a letter to Plaintiff Jerome Williams in response to his December Dispute purportedly verifying its reporting of the Account.

48.     On or about December 28, 2022, Equifax sent a letter to Plaintiff Kari Williams in response to her December Dispute purportedly verifying its reporting of the Account.

49.     On or about December 28, 2022, Trans Union sent a letter to Plaintiff Jerome Williams in response to his December Dispute purportedly verifying its reporting of the Account.

50.     On or about December 31, 2022, Trans Union sent a letter to Plaintiff Kari Williams in response to her December Dispute purportedly verifying its

reporting of the Account.

51.     Experian continued to report the Account as 30 days late for the month of December 2019 on Plaintiffs credit reports.

52.     In response, Experian, Equifax, and Trans Union each *again* verified their respective reporting of the Account.

53.     As such, on or about January 26, 2024, Plaintiffs, with the assistance of their attorneys, sent a written dispute to Transunion, Experian, and Equifax (hereinafter, "January Dispute") and requested Transunion, Experian, and Equifax to remove the December 2019 30-days-late-mark. A true and correct copy of Plaintiffs' January Dispute is attached as **Exhibit A.**

54.     Plaintiffs' January Dispute included Avis's Retail Installment Contract.

55.     On or about February 6, 2024, Equifax sent a letter to Plaintiff Jerome Williams in response to Plaintiffs' January Dispute and failed to update Plaintiff Jerome Williams's report.

56.     On or about February 6, 2024, Trans Union sent a letter to each Plaintiff in response to Plaintiffs' January Dispute, purportedly verifying its reporting of the Account on both of Plaintiffs' credit reports, and failed to update Plaintiffs' reports.

57.     On or about February 7, 2024, Equifax sent a letter to Plaintiff Kari Williams in response to Plaintiffs' January Dispute and failed to update Plaintiff Kari Williams's report.

58.     On or about February 8, 2024, Experian sent a letter to Plaintiff Jerome Williams in response to Plaintiffs' January Dispute, purportedly verifying its reporting of the Account.

59.     On or about February 8, 2024, Experian sent a letter to Plaintiff Kari Williams in response to Plaintiffs' January Dispute, purportedly verifying its reporting of the Account.

60.     To date, Capital One is still reporting the Account with inaccurate late payment information on Plaintiffs' Experian, Equifax, and Transunion reports.

## DAMAGES

61.     As a result of Defendants' reporting of the Alleged Debt, Plaintiffs further dealt with the stress and anxiety of feeling hopeless, believing that they will be denied credit as a result of the erroneous and incorrect reporting of the Account reflecting the Alleged Debt asserted as owed by Capital One if they need to obtain credit in the near future, and that Plaintiffs would either be denied credit or pay higher interest rates in the event they could obtain financing.

62.     Overall, Plaintiffs suffered damage to their otherwise pristine credit reputation as a result of Defendants' conduct.

63.     Plaintiffs retained Swift Law, PLLC for the purpose of pursuing this matter against Defendants.

64.     The FCRA, Sections 1681n or 1681o, or both, provide for the award of

up to $1,000.00 statutory damages, actual damages, punitive damages, as well as an award of attorneys' fees and costs to Plaintiffs, should Plaintiffs prevail in this matter against Capital One, Experian, Equifax, and Trans Union.

65.     Avis's conduct was a direct and proximate cause of, as well as a substantial factor in, causing serious injuries, damages, and harm to Plaintiffs.

66.     As a result of Defendants' conduct, actions, and inactions, Plaintiffs were deterred from making credit applications as they believed they would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, they did not wish to further damage their credit score with futile credit inquires, and they were continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

67.     Additionally, as a result of Defendants' actions, Plaintiffs suffered emotional distress, anxiety, inconvenience, frustration, annoyance, fear, and confusion, believing that despite Plaintiffs' exhaustive efforts to convey to Capital One that they were not past due on the Account including supplying Defendants with supporting documentation, Plaintiffs must simply endure Defendants' reporting of the Account.

## COUNT ONE:
## BREACH OF CONTRACT

**(As to Avis Only)**

Plaintiffs re-allege paragraphs one (1) through sixty-seven (66) as if fully restated herein and further states as follows:

68.     Plaintiffs entered into a contract with Avis in November 2019.

69.     As part of the contract, Avis was to payoff the remaining balance on Plaintiffs' vehicle with Capital One within 10 days.

70.     Avis failed to payoff Plaintiffs' Capital One vehicle within 10 days.

71.     Avis's conduct was a direct and proximate cause of, as well as a substantial factor in, causing serious injuries, damages, and harm to Plaintiffs.

72.     Avis's actions and inactions entitle Plaintiffs to actual damages as well as attorneys' fees and costs.

**COUNT TWO**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681s-2(b)**
**(As to Capital One Only)**

Plaintiffs re-allege paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

73.     Capital One is subject to, and violated the provisions of, 15 United States Code, Section 1681s-2(b), by willfully and/or negligently publishing or furnishing inaccurate trade-line information within Plaintiffs' credit reports, failing to fully and properly re-investigate Plaintiffs' disputes, failing to review all relevant information regarding the same, and failing to request that Experian, Equifax, and

TransUnion delete the Account from Plaintiffs' credit reports and credit file after re-investigating Plaintiffs' repeated disputes.

74.     As described above, Avis is responsible for the past due payment; not Plaintiffs.

75.     As such, it is materially misleading for Capital One to continue to report the Plaintiffs as past due after the same was described in multiple disputes.

76.     Despite Capital One receiving notice of Plaintiffs' disputes from Plaintiffs, Experian, Equifax, and TransUnion—including the information and documents referenced in the above paragraph— Capital One willfully and/or negligently failed to request that Experian, Equifax, and TransUnion delete the tradeline associated with the Account and continued to report derogatory, late payment information to Experian, Equifax, and TransUnion including significant balances due, and as significantly past-due.

77.     Capital One's credit reporting is materially misleading.

78.     Capital One's re-investigations were not conducted in good faith.

79.     Capital One's re-investigations were not conducted reasonably.

80.     Capital One's re-investigations were not conducted using all information and documents reasonably available to Capital One.

81.     As a result of Capital One's conduct, actions, and inactions, Plaintiffs suffered damage to their credit reputation and credit worthiness, were deterred from

making credit applications as they believed they would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage their credit score with futile credit inquires, and they were continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

82.     Capital One's conduct was a direct and proximate cause of, as well as a substantial factor in, causing the serious injuries, damages, and harm to Plaintiff as stated herein.

83.     Capital One's actions in violation of 15 United States Code, Section 1681s-2(b), constitute negligent or willful noncompliance, or both, with the FCRA, and entitles Plaintiffs to actual damages, statutory damages, and punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT THREE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681e(b)</u>**

Plaintiffs re-allege paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

84.     Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681e(b), by failing to

establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiffs.

85.     Experian, Equifax, and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiffs' credit reports regarding the Account.

86.     Specifically, despite Plaintiffs advising Experian, Equifax, and TransUnion that Plaintiffs had never personally made a late payment on the Account—Experian, Equifax, and TransUnion each continued to report the Account as thirty days late for the month of December 2019, resulting in the Account being reported as a derogatory, negative, or adverse account in Plaintiffs' credit reports and credit files.

87.     Further, Experian, Equifax, and TransUnion willfully and/or negligently failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports and credit files when re-investigating Plaintiffs' disputes of the above-referenced inaccuracies contained in their Experian, Equifax, and TransUnion credit reports and credit file.

88.     Such reporting of the Account is false and evidences Experian's, Equifax's, and TransUnion's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiffs' credit reports and credit file.

89.     As a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiffs suffered damage to their credit reputation and credit worthiness, were deterred from making credit applications as they believed they would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage their credit score with futile credit inquires, and they were continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

90.     Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiffs as stated herein.

91.     Experian's, Equifax's, and TransUnion's violations of 15 United States Code Section 1681e(b), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiffs to actual damages, statutory damages, punitive damages, as well as attorneys' fees and costs as enumerated in 15 United States Code, Sections 1681n, or 1681o, or both.

## COUNT FOUR:
### FAIR CREDIT REPORTING ACT –
### VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(1)

Plaintiffs re-allege paragraphs one (1) through sixty-seven (67) as if fully

restated herein and further states as follows:

92.    Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(1), by failing to conduct reasonable re-investigations of Plaintiffs' disputes to determine whether the disputed information was inaccurate and by failing to subsequently update the inaccurate information in Plaintiffs' credit reports and credit files.

93.    Specifically, Experian, Equifax, and TransUnion each willfully and/or negligently refused to properly re-investigate Plaintiffs' consumer reports upon receiving Plaintiff's disputes, as described herein.

94.    Experian, Equifax, and TransUnion did not request any documents from Capital One corroborating information furnished and verified by Capital One to Experian, Equifax, and TransUnion regarding Plaintiffs and the Account in response to any of Plaintiffs' Disputes.

95.    As such, Experian's, Equifax's, and TransUnion's re-investigations were not conducted in such a way as to assure whether information regarding Plaintiffs and the Account was inaccurate and each failed to subsequently update and remove the inaccurate information in Plaintiffs' credit reports and credit files.

96.    Such reporting is false and evidences Experian's, Equifax's, and TransUnion's failure to conduct reasonable re-investigations of Plaintiffs' repeated disputes.

97.    Experian's, Equifax's, and TransUnion's reinvestigations of Plaintiffs' disputes were not conducted reasonably.

98.    Experian's, Equifax's, and TransUnion's reinvestigations merely copied and relied upon the inaccurate Account information conveyed by Capital One.

99.    Experian's, Equifax's, and TransUnion's reinvestigations of Plaintiffs' disputes were not conducted in good faith.

100.    Experian's, Equifax's, and TransUnion's reinvestigation procedures are unreasonable.

101.    Experian's, Equifax's, and TransUnion's re-investigations of Plaintiffs' disputes were not conducted using all information reasonably available to Experian, Equifax, and TransUnion.

102.    Experian's, Equifax's, and TransUnion's reinvestigations were *per se* deficient by reason of these failures in Experian's, Equifax's, and TransUnion's reinvestigations of Plaintiffs' disputes and the Account.

103.    As a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiffs suffered damage to their credit reputation and credit worthiness, were deterred from making credit applications as they believed they would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage

their credit score with futile credit inquires, and they were continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

104.   Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiffs as stated herein.

105.   Experian's, Equifax's, and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(1), constitute negligent or willful noncompliance—or both—with the FCRA, and entitle Plaintiffs to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT FIVE:**
**FAIR CREDIT REPORTING ACT –**
**<u>VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(4)</u>**

Plaintiffs re-allege paragraph one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

106.   Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(4), by failing to review and consider all relevant information received in Plaintiffs' disputes, including all relevant attachments.

107. Specifically, despite Experian, Equifax, and TransUnion receiving Plaintiffs' Disputes—Experian, Equifax, and TransUnion each *continued* to report the Account with derogatory, late payment information, causing the Account to be reported as a derogatory, negative, or adverse account.

108. Experian's, Equifax's, and TransUnion's failure to review and consider all information received in Plaintiffs' disputes was done in bad faith.

109. As a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiffs suffered damage to their credit reputation and credit worthiness, were deterred from making credit applications as they believed they would not be able to obtain favorable credit terms as a result of Defendants' derogatory and continued reporting of the Account, did not wish to further damage their credit score with futile credit inquires, and they were continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

110. Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiffs as stated herein.

111. Experian's, Equifax's, and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(4), constitute negligent or willful

noncompliance—or both—with the FCRA, and entitle Plaintiffs to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

**COUNT SIX:**
**FAIR CREDIT REPORTING ACT –**
**VIOLATION OF 15 UNITED STATES CODE, SECTION 1681i(a)(5)**

Plaintiffs re-allege paragraphs one (1) through sixty-seven (67) as if fully restated herein and further states as follows:

112.   Experian, Equifax, and TransUnion are each subject to, and each violated the provisions of, 15 United States Code, Section 1681i(a)(5), by failing to update or delete any information that was the subject of Plaintiff's disputes found to be inaccurate or that could not be verified.

113.   Specifically, despite Experian, Equifax, and TransUnion receiving Plaintiffs' Disputes—neither Experian, Equifax, nor TransUnion deleted the Account from Plaintiff's credit reports and credit files.

114.   Instead, Experian, Equifax, and TransUnion continued to report derogatory, late payment information regarding the Account.

115.   As a result of Experian's, Equifax's, and TransUnion's conduct, actions, and inactions, Plaintiffs suffered damage to their credit reputation and credit worthiness, were deterred from making credit applications as they believed they would not be able to obtain favorable credit terms as a result of Defendants'

derogatory and continued reporting of the Account, did not wish to further damage their credit score with futile credit inquires, and they were continually evaluated for credit using consumer reports that reported the Account with late payment information resulting in the Account being reported as a derogatory, negative, or adverse tradeline account.

116. Experian's, Equifax's, and TransUnion's actions were a direct and proximate cause of, as well as a substantial factor in, the serious injuries, damages, and harm to Plaintiffs as stated herein.

117. Experian's, Equifax's, and TransUnion's actions in violation of 15 United States Code, Section 1681i(a)(5), constitute negligent or willful noncompliance—or both—with the FCRA, and entitles Plaintiffs to actual damages, statutory damages, punitive, damages, as well as attorneys' fees and costs enumerated in 15 United States Code, Sections 1681n or 1681o, or both.

## **PRAYER FOR RELIEF**

**WHEREFORE**, as a direct and proximate result of Defendants' conduct, Plaintiffs respectfully request an entry of:

a. Judgment declaring that Avis breached the contract;

b. Judgment against Avis for actual damages;

c. Judgment against Capital One, Experian, Equifax, and Trans Union for maximum statutory damages for violations of the FCRA;

d.    Actual damages in an amount to be determined at trial;

e.    Compensatory damages in an amount to be determined at trial;

f.    Punitive damages in an amount to be determined at trial;

g.    An award of attorney's fees and costs; and

h.    Any other such relief the Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues triable by right.

## SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

Plaintiffs hereby give notice to Defendants and demands that Defendants and their affiliates safeguard all relevant evidence—paper, electronic documents, or data—pertaining to this litigation as required by law.

Respectfully submitted,

**SWIFT LAW PLLC**

*/s/ Aaron M. Swift*
**Aaron M. Swift, Esq., FBN 0093088**
11300 4th Street North, Suite 260
St. Petersburg, FL 33716
Phone: (727) 755-3676
Fax: (727) 255-5332
aswift@swift-law.com
jmurphy@swift-law.com
*Counsel for Plaintiff*